```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Edward J. Fowler,                :

       Plaintiff,           :

  v.                             :         Case No. 2:14-cv-277

Commissioner of Social Security,
                                    Magistrate Judge Kemp
       Defendant.           :

## OPINION AND ORDER

In an order filed on September 23, 2015, this case was remanded to the Commissioner pursuant to 42 U.S.C. §405(g), sentence four.  On December 10, 2015, Plaintiff filed a motion for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. §2412.  Despite the passage of time for filing a responsive memorandum, the Commissioner has not responded.

It is the Commissioner's burden, in response to a motion for fees under the EAJA, to demonstrate that the Commissioner's litigation position was substantially justified. See Miller v. United States, 831 F. Supp. 1347, 1351 (M.D. Tenn. 1993) ("The burden lies with the government to demonstrate that its position was substantially justified ...."); Weber v. Weinberger, 651 F.Supp. 1379, 1388 (E.D. Mich. 1987) ("with respect to an application for attorney's fees the Government has the burden of showing that its position was substantially justified").  In the absence of an opposing memorandum, the Commissioner cannot satisfy that burden. See, e.g., Libas, Ltd. v. United States, 314 F.3d 1362, 1366 (Fed. Cir. 2003)("when the government fails to advance any reasoning showing its position was substantially justified, the court ... may grant the motion by relying on the government's failure to timely submit any evidence or explanation to carry its burden of proving its position was substantially justified as an admission ...").  Consequently, the Court must

find that the Commissioner's litigation position was not substantially justified.

Once it has been determined that a social security claimant is entitled to fees under the EAJA, the only remaining questions are the reasonableness of the hours expended and whether the hourly rate falls within the statutorily-authorized range. Plaintiff seeks $3,341.25 for 18 hours of work, billed at the rate of $185.62 per hour.  The number of hours expended appears reasonable for cases of this type.

As far as the hourly rate is concerned, the Court of Appeals, in Bryant v. Comm'r of Social Security, 578 F.3d 443, 350 (6th Cir. 2009), has said that "[i]n requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase."  This must be done through "satisfactory evidence ...." Id., quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984).  This Court has often required a prevailing social security plaintiff to submit such evidence, typically taking the form of an affidavit as to the attorney's usual billing rate, the prevailing rate in the community, and the increase in the cost of living index. See, e.g., Oblinger v. Astrue, 2012 WL 3224100 (S.D. Ohio Aug. 6, 2012).

Plaintiff has submitted documentation addressing these factors.  The Court is satisfied that this documentation meets the "satisfactory evidence" requirement and that an award at the requested rates is appropriate.  The Court therefore grants Plaintiff's Application of Attorney Fees under the Equal Access to Justice Act (EAJA) (Doc. 22).  Plaintiff is awarded the sum of $3,341.25 to be paid to counsel for Plaintiff unless there is an offsetting debt owed to the United States.

/s/ Terence P. Kemp
United States Magistrate Judge